NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 21 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LAWRIDAN NGASONG ASONGTIA, | No. 20-72307 |
| Petitioner, | Agency No. A213-186-589 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2023**
San Francisco, California

Before: WARDLAW, TALLMAN, and HURWITZ, Circuit Judges.

Lawridan Asongtia, a native and citizen of Cameroon, petitions for review of

a decision of the Board of Immigration Appeals ("BIA") dismissing an appeal

from an order of an Immigration Judge ("IJ") denying asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Exercising jurisdiction under 8 U.S.C. § 1252(a), we deny the petition.

1. Substantial evidence supports the BIA's determination that Asongtia did not establish eligibility for asylum or withholding of removal. *See* 8 C.F.R. §§ 1208.13(a), 1208.16(b)(2); *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

a. Substantial evidence supports the IJ's adverse credibility determination. In making an adverse credibility determination, an IJ must consider "the totality of the circumstances" and "all relevant factors," including, but not limited to, demeanor, candor, responsiveness of the applicant, and the inherent plausibility of the applicant's account. 8 U.S.C. § 1158(b)(1)(B)(iii). We give an IJ's adverse credibility determination special deference if supported by "specific and cogent reasons." *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010).

The IJ found that several relevant factors undermined Asongtia's credibility, including unresponsiveness and evasiveness, lack of detail in her account, and demeanor. In affirming the credibility finding, the BIA properly credited the IJ's assessment of specific examples—such as "rapid fire renditions," repetitive answers unresponsive to the questions asked, absence of detail, and visible nervousness on cross-examination—that rendered Asongtia's testimony rehearsed, memorized, and mechanical. *See Manes v. Sessions*, 875 F.3d 1261, 1263–64 (9th Cir. 2017) (per curiam); *Ling Huang v. Holder*, 744 F.3d 1149, 1155 (9th Cir.

2

2014).

Although some of Asongtia's unresponsiveness might be explained by a language barrier, she was still unable on cross examination to elaborate why she believed Cameroonian authorities were targeting her. *See Bingxu Jin v. Holder*, 748 F.3d 959, 965 (9th Cir. 2014) (holding that evasiveness to questions on cross examination supports an adverse credibility finding). And even if alternative explanations exist, "it would be extraordinary for a reviewing court to substitute its second-hand impression of the petitioner's demeanor . . . for that of the IJ." *Jibril v. Gonzales*, 423 F.3d 1129, 1137 (9th Cir. 2005). Any technical issues during the hearing were relatively minor, and do not cast sufficient doubt on the IJ's analysis of her testimony. Ultimately, Asongtia's "testimony here is not so thorough and comprehensive as to compel a contrary conclusion." *Ling Huang*, 744 F.3d at 1155.

b. The IJ's finding that Astongtia did not provide sufficient corroborating evidence is also supported by substantial evidence. Asongtia provided some documentary evidence—declarations, medical records, and police "convocations"—in support of her testimony. However, to reverse a determination about the sufficiency of corroborating evidence, we "must find that the evidence not only *supports* [a contrary] conclusion, but *compels* it." *Aden v. Holder*, 589 F.3d 1040, 1046 (9th Cir. 2009). The IJ appropriately gave these unauthenticated

3

photocopies of what Asongtia claimed were official records little weight. *See*

*Vatyan v. Mukasey*, 508 F.3d 1179, 1185 (9th Cir. 2007) ("Immigration judges

retain broad discretion to accept a document as authentic or not based on the

particular factual showing presented.").[1]

2. Because Asongtia failed to contest the agency's denial of CAT relief in

her opening appellate brief, she has forfeited that claim before this Court. *See*

*Martinez-Serrano v. INS*, 94 F.3d 1256, 1259 (9th Cir. 1996).[2]

**PETITION DENIED.**

---

[1] Asongtia also argues that she was entitled to notice and the opportunity to obtain sufficient corroborative evidence. However, this claim was not raised before the BIA and thus is unexhausted. *See Rojas-Garcia v. Ashcroft*, 339 F.3d 814, 819 (9th Cir. 2003) ("Before a petitioner can raise an argument on appeal, the petitioner must first raise the issue before the BIA or IJ." (citing 8 U.S.C. § 1252(d))).

[2] Asongtia's motion for stay of removal pending our review of her case is denied as moot.